January 26, 1939


Honorable T. M. Trimble
First Assistant State
Superintendent
Austin, Texas

Dear Mr. Trimble;

Opinion No. O-180
Re: Stickers attached to
official ballot

Your request for an opinion has been received
by this office.

We quote from your letter:

"In the general school board election last
spring in Texarkana a question arose upon which
the school board desires to have advice. An op-
position ticket for new school board members was
placed in the field after the official ballot had
been closed, the board thinks in an illegal manner.
Upon the advice of attorneys, the board refused to
reprint the ballot and to place on it the names of
the candidates from the opposition party. The
opposition then printed, on gummed strips of paper,
the names of the three candidates whom it was sup-
porting. The stickers were offered to the election
judges, but the election judges refused, on the
advice of counsel, that such stickers were not a
part of the election supplies legally and regularly
furnished by the school board. The opposition then
placed men outside of the polls, who offered stick-
ers to every voter coming to the polls. Voters were
specifically instructed that they must not place
the stickers over the names on the official ballot,
the instruction being given by the workers on the
outside of the polls who gave out the stickers.

The voters were told to paste the stickers on the official ballot, under the last name on it, and then to cross out with lead pencil the names of all candidates on the official ballot and leave unscratched the names on the stickers. These instructions were given in detail, both by circulars printed and distributed, and by broadcast, as well as orally, by those working at the polls in the interest of the opposition candidates.

The School Board of Texarkana desires to know whether ballots cast with the stickers attached were legal ballots, and whether they should have been counted by the election officials?"

In reply to your question, it is the opinion of this office, that ballots with stickers attached, as described in your letter, were not legal ballots, and should not have been counted by the election officials.

This opinion is based on Article 2979, Revised Civil Statutes of Texas, which reads as follows:

"If a nominee dies or declines his nomination and the vacancy so created shall have been filled, and such facts shall have been duly certified in accordance with the provisions of this title, the Secretary of State or county judge, as the case may be, shall promptly notify the official board created by this law to furnish election supplies that such vacancy has occurred and the name of the new nominee shall then be printed upon the official ballot, if the ballots are not already printed. If such declination or death occurs after the ballots are printed, or due notice of the name of the new nominee is received after such printing, the official board charged with the duty of furnishing election supplies shall prepare as many pasters bearing the name of the new nominee as there are official ballots, which shall be pasted over the name of the former nominee on the official ballot before the presiding judge of the precinct indorses his name on the ballot for identification. No paster shall

be used except as herein authorized, and if other-
wise used the names pasted shall not be counted."

The stickers used in this case do not fall with-
in the exceptions herein authorized.

Another pertinent Article which the election judges
could have taken advantage of, is Article 3009, which reads
as follows:

"At either a general, special or primary elec-
tion, any judge may require a citizen to answer under
oath before he secures an official ballot whether he
has been furnished with any paper or ballot on which
is marked the names of any one for whom he has agreed
or promised to vote or for whom he has been requested
to vote, or has such paper or marked ballot in his
possession, and he shall not be furnished with an
official ballot until he has delivered to the judge
such marked ballot on paper, if he has one."

Trusting that this answers your question, we
remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

(signed)
                Claud C. Boothman
    By
                Assistant

COB:GFS

APPROVED:
(Signed)
    Gerald C. Mann

ATTORNEY GENERAL OF TEXAS